

1  Michael Gerard Fletcher (State Bar No. 70849)
     mfletcher@frandzel.com
2  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard, Seventeenth Floor
3  Los Angeles, California 90048-4920
   Telephone: (323) 852-1000
4  Facsimile: (323) 651-2577

5  Attorneys for Plaintiff BANK SINOPAC LOS
   ANGELES BRANCH
6

7                UNITED STATES BANKRUPTCY COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                      LOS ANGELES DIVISION

10 | In re                              | Case No. 2:14-bk-27223-TD

11 | ATHERTON FINANCIAL BUILDING LLC,   | Chapter 11
   | a California limited liability company,
12
   |                 Debtor.
13

14 | BANK SINOPAC LOS ANGELES           | Adv. No. 2:15-ap-01145-TD
   | BRANCH,
15 |                                    | **DECLARATION OF MICHAEL GERARD**
   |                 Plaintiff,         | **FLETCHER AND REQUEST FOR**
16 |                                    | **ENTRY OF DEFAULT JUDGMENT ON**
   |           v.                       | **FIRST CLAIM FOR RELIEF AGAINST**
17 |                                    | **DEFENDANT PA ONE, LLC**
   | ATHERTON FINANCIAL BUILDING LLC,
18 | a California limited liability company; LUCY
   | GAO, an individual; BENJAMIN KIRK, an
19 | individual; SUNSHINE VALLEY, LLC, a
   | California limited liability company; GREAT
20 | VISTA REAL ESTATE INVESTMENT
   | CORPORATION, a California corporation;
21 | AMERICAN REO SOLUTIONS LLC, a
   | Delaware limited liability company;
22 | WASHINGTON CAPITAL MANAGEMENT
   | SERVICES LLC, a Delaware limited liability
23 | company; and PA ONE, LLC, a California
   | limited liability company,
24
   |                 Defendants.
25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

I, Michael Gerard Fletcher, declare:

1.    I am an attorney licensed and admitted to practice before this Court and am a member of Frandzel Robins Bloom & Csato, L.C. ("Frandzel"), counsel of record in this adversary proceeding to Plaintiff Bank SinoPac Los Angeles Branch ("Bank"). I have personal knowledge of the matters set forth in this declaration and would testify competently to such matters if asked to do so.

2.    On or about October 2, 2014, bankruptcy counsel to debtor Atherton Financial Building LLC ("Debtor") sent Frandzel the Debtor's tax returns for 2012 and 2013. True and correct copies of relevant excerpts from these tax returns are attached hereto as Exhibits 1 and 2 respectively. Both tax returns reflect that Lucy Gao ("Gao") owns 99 percent of the Debtor's membership interests.

3.    The First Claim for Relief in the Bank's Complaint filed March 17, 2015 ("First Claim for Relief"), seeks a judgment determining that Gao is the owner and holder of all of the membership interests in the Debtor, and that Gao is solely entitled to the approximately $3.5 million in remaining funds in the Debtor's bankruptcy estate ("Sale Proceeds").

4.    The Bank is a judgment creditor of Gao in a state court action captioned as Bank SinoPac v. Gao pending before the Los Angeles County Superior Court ("State Court") as Case No. VC064502 ("State Court Action"). On April 30, 2015, the State Court entered an order ("Charging Order") in the State Court Action charging Gao's membership interest in the Debtor with the judgment entered in the Bank's favor in the State Court Action.

5.    On or about May 7, 2015, the Bank, on the one hand, and all the Defendants in this adversary proceeding other than PA One, LLC, a California limited liability company ("PA One"), on the other hand, entered into a Stipulation for Immediate Entry of Declaratory Judgment in Favor of the Bank on the First Claim for Relief ("Stipulation for Judgment"), whereby they stipulated that (1) Gao has an equity interest in the Debtor entitling Gao to an immediate equity distribution from the Debtor in the sum of $1,500,000.00, which distribution is subject to the Charging Order; and (2) the Bank is entitled to receive Gao's $1,500,000.00 portion of the equity distribution from the Debtor. A true and correct copy of the Stipulation for Judgment is attached hereto as Exhibit 3.

6.    On May 20, 2015, the Court entered default against PA One in this adversary proceeding, a true and correct copy of which is attached hereto as Exhibit 4.

1852250.1 | 100158-0032

DECLARATION OF MICHAEL GERARD FLETCHER

7.      The Debtor's tax returns for 2012 and 2013, and the Stipulation for Judgment, evidence the Bank's entitlement to a default judgment on the First Claim for Relief against PA One in substantially the same form as the proposed judgment against the Defendants provided for by the Stipulation for Judgment.  The Bank accordingly requests that the Court enter a default judgment against PA One in the form attached hereto as Exhibit 5.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on June 1, 2015, at Los Angeles, California.

_____
MICHAEL GERARD FLETCHER

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

# EXHIBIT 1

# Form **1065**

Department of the Treasury
Internal Revenue Service

## U.S. Return of Partnership Income

For calendar year 2012, or tax year beginning _____ , ending _____

▶ Information about Form 1065 and its separate instructions is at *www.irs.gov/form1065.*

OMB No. 1545-0099

## **2012**

| | | |
|---|---|---|
| **A** Principal business activity<br>REAL ESTATE | **Print or type.** | Name of partnership<br>ATHERTON FINANCIAL BUILDING LLC |
| **B** Principal product or service<br>REAL ESTATE | | Number, street, and room or suite no. If a P.O. box, see the instructions.<br>3592 ROSEMEAD BLVD SUITE 325 |
| **C** Business code number<br>531390 | | City or town   State   ZIP code<br>ROSEMEAD   CA   91770 |

**D** Employer identification number

**E** Date business started   6/30/2010

**F** Total assets (see the instructions)   $ 9,996,190

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☒ Name change **(4)** ☐ Address change **(5)** ☐ Amended return
**(6)** ☐ Technical termination - also check (1) or (2)

**H** Check accounting method: **(1)** ☐ Cash **(2)** ☒ Accrual **(3)** ☐ Other (specify) ▶

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶

**J** Check if Schedules C and M-3 are attached . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Caution.** *Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.*

| | | | | |
|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales . . . . . . . . . . . . | **1a** | | |
| | **b** Returns and allowances . . . . . . . . . . . | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . | **1c** | | 0 |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . | **2** | | |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . | **3** | | 0 |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) . . | **4** | | |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) . . . . . . . . | **5** | | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . . | **6** | | |
| | **7** Other income (loss) (attach statement) . . . . . . . . . . . . | **7** | | |
| | **8** Total income (loss). Combine lines 3 through 7 . . . . . . . . . . | **8** | | 0 |
| **Deductions** (see the instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) . . . . | **9** | | |
| | **10** Guaranteed payments to partners . . . . . . . . . . . . . | **10** | | |
| | **11** Repairs and maintenance . . . . . . . . . . . . . . . | **11** | | |
| | **12** Bad debts . . . . . . . . . . . . . . . . . . . | **12** | | |
| | **13** Rent . . . . . . . . . . . . . . . . . . . . . | **13** | | |
| | **14** Taxes and licenses . . . . . . . . . . . . . . . . . | **14** | | 1,700 |
| | **15** Interest . . . . . . . . . . . . . . . . . . . . | **15** | | |
| | **16a** Depreciation (if required, attach Form 4562) . . . | **16a** | 34,775 | |
| | **b** Less depreciation reported on Form 1125-A and elsewhere on return | **16b** | | |
| | **16c** | | 34,775 |
| | **17** Depletion (**Do not deduct oil and gas depletion.**) . . . . . . . . . | **17** | | |
| | **18** Retirement plans, etc. . . . . . . . . . . . . . . . . | **18** | | |
| | **19** Employee benefit programs . . . . . . . . . . . . . . | **19** | | |
| | **20** Other deductions (attach statement) . . . . . . . . . . . . | **20** | | |
| | **21** Total deductions. Add the amounts shown in the far right column for lines 9 through 20 . | **21** | | 36,475 |
| | **22** Ordinary business income (loss). Subtract line 21 from line 8 . . . . . . | **22** | | -36,475 |

## Sign Here

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member manager) is based on all information of which preparer has any knowledge.

▶ [signature]
Signature of general partner or limited liability company member manager

Date ▶ 9/16/13

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

## Paid Preparer Use Only

| | | | |
|---|---|---|---|
| Print/Type preparer's name<br>NICK CHUI | Preparer's signature | Date<br>9/15/2013 | Check ☐ if self-employed   PTIN |
| Firm's name ▶ A AND N ACCOUNTING | | | Firm's EIN ▶ |
| Firm's address ▶ 1345 S DIAMOND BAR BLVD., STE Z | | | Phone no. 909-396-0081 |
| City  DIAMOND BAR | | State CA | ZIP code  91765 |

For Paperwork Reduction Act Notice, see separate instructions.

HTA

Form **1065** (2012)

Form 1065 (2012)   ATHERTON FINANCIAL BUILDING LLC                                Page **2**

| **Schedule B** | **Other Information** | | | |
|---|---|---|---|---|

| | | | | | Yes | No |
|---|---|---|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: | | | | | |
| a | ☐ Domestic general partnership | b | ☐ Domestic limited partnership | | | |
| c | ☒ Domestic limited liability company | d | ☐ Domestic limited liability partnership | | | |
| e | ☐ Foreign partnership | f | ☐ Other ▶ | | | |
| 2 | At any time during the tax year, was any partner in the partnership a disregarded entity, a partnership (including an entity treated as a partnership), a trust, an S corporation, an estate (other than an estate of a deceased partner), or a nominee or similar person? . . . . . . . . . . . . . . . . . . . . . . | | | | | X |
| 3 | At the end of the tax year: | | | | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . | | | | | X |
| b | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . | | | | | X |
| 4 | At the end of the tax year, did the partnership: | | | | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below . . . . . . . . . . . . . . | | | | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | | | | Yes | No |
|---|---|---|---|---|---|---|---|
| b | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . | | | | | | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| 5 | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details . . . | | X |
| 6 | Does the partnership satisfy all four of the following conditions? | | |
| a | The partnership's total receipts for the tax year were less than $250,000. | | |
| b | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| d | The partnership is not filing and is not required to file Schedule M-3 . . . | | X |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? . . . . . . . . . . . | | X |
| 8 | During the tax year, did the partnership have any debt that was cancelled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? . . . . . | | X |
| 9 | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . | | X |
| 10 | At any time during calendar year 2012, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts. If "Yes," enter the name of the foreign country. ▶ | | X |

Form **1065** (2012)

Form 1065 (2012)    ATHERTON FINANCIAL BUILDING LLC    Page **3**

**Schedule B**    **Other Information** *(continued)*

| | | Yes | No |
|---|---|---|---|
| 11 | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . . . . . . . . | | X |
| 12a | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . . . . . See instructions for details regarding a section 754 election. | | X |
| b | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . . . | | X |
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions. | | X |
| 13 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly-owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . . . . ▶ ☐ | | |
| 14 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 15 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, enter the number of Forms 8858 attached. See instructions    ▶ | | |
| 16 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership.    ▶ 0 | | X |
| 17 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. | | |
| 18a | Did you make any payments in 2012 that would require you to file Form(s) 1099? See instructions . . . . . . . . | | X |
| b | If "Yes," did you or will you file required Form(s) 1099? . . . . . . . . . . . . . . . . . . . . . . . | | |
| 19 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return.    ▶ | | |
| 20 | Enter the number of partners that are foreign governments under section 892.    ▶ 0 | | |

**Designation of Tax Matters Partner** (see instructions)

Enter below the general partner or member-manager designated as the tax matters partner (TMP) for the tax year of this return:

| | | |
|---|---|---|
| Name of designated TMP | LUCY GAO | Identifying number of TMP ▶ ▮▮▮▮▮ |
| If the TMP is an entity, name of TMP representative ▶ | | Phone number of TMP ▶ (626) 214-2142 |
| Address of designated TMP | 1001 EAST ROAD | |
| | LA HABRA HEIGHTS | CA    90631 |

Form **1065** (2012)

**SCHEDULE B-1**
**(Form 1065)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Information on Partners Owning 50% or More of the Partnership

▶ Attach to Form 1065. See instructions on back.

OMB No. 1545-0099

Name of partnership
ATHERTON FINANCIAL BUILDING LLC

Employer identification number (EIN)
▆▆▆▆▆▆▆

**Part I**  Entities Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3a)

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II**  Individuals or Estates Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3b)

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| LUCY GAO | ▆▆▆▆▆ | United States | 99.000% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

For Paperwork Reduction Act Notice, see the Instructions for Form 1065.
HTA

Schedule B-1 (Form 1065) (Rev. 12-2011)

# EXHIBIT 2

Form **1065**

Department of the Treasury
Internal Revenue Service

### U.S. Return of Partnership Income

For calendar year 2013, or tax year beginning _____, ending _____
▶ Information about Form 1065 and its separate instructions is at *www.irs.gov/form1065.*

OMB No. 1545-0099

**2013**

| | |
|---|---|
| **A** Principal business activity <br> REAL ESTATE | Name of partnership <br> ATHERTON FINANCIAL BUILDING LLC |
| **B** Principal product or service <br> REAL ESTATE | Number, street, and room or suite no. If a P.O. box, see the instructions. <br> 3592 ROSEMEAD BLVD SUITE 325 |
| **C** Business code number <br> 531390 | City or town ROSEMEAD    State CA    ZIP code 91770 |
| | Foreign country name    Foreign province/state/county    Foreign postal code |

Type or Print

**D** Employer identification number ▬▬▬▬

**E** Date business started
6/30/2010

**F** Total assets (see the instructions)
$ 9,598,762

**G** Check applicable boxes: (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change  (5) ☐ Amended return
(6) ☐ Technical termination - also check (1) or (2)

**H** Check accounting method: (1) ☐ Cash  (2) ☒ Accrual  (3) ☐ Other (specify) ▶ _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year  ▶ _____  2

**J** Check if Schedules C and M-3 are attached  ☐

**Caution.** *Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.*

| | | | | |
|---|---|---|---:|---:|
| **Income** | 1a | Gross receipts or sales | 1a | |
| | b | Returns and allowances | 1b | |
| | c | Balance. Subtract line 1b from line 1a | 1c | 0 |
| | 2 | Cost of goods sold (attach Form 1125-A) | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 0 |
| | 4 | Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) | 4 | |
| | 5 | Net farm profit (loss) (attach Schedule F (Form 1040)) | 5 | |
| | 6 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 6 | |
| | 7 | Other income (loss) (attach statement) | 7 | |
| | 8 | **Total income (loss).** Combine lines 3 through 7 | 8 | 0 |
| **Deductions** (see the instructions for limitations) | 9 | Salaries and wages (other than to partners) (less employment credits) | 9 | |
| | 10 | Guaranteed payments to partners | 10 | |
| | 11 | Repairs and maintenance | 11 | |
| | 12 | Bad debts | 12 | |
| | 13 | Rent | 13 | |
| | 14 | Taxes and licenses | 14 | 825 |
| | 15 | Interest | 15 | |
| | 16a | Depreciation (if required, attach Form 4562) | | |
| | b | Less depreciation reported on Form 1125-A and elsewhere on return | 16c | 0 |
| | 17 | Depletion (Do not deduct oil and gas depletion.) | 17 | |
| | 18 | Retirement plans, etc. | 18 | |
| | 19 | Employee benefit programs | 19 | |
| | 20 | Other deductions (attach statement) | 20 | |
| | 21 | **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | 21 | 825 |
| | 22 | **Ordinary business income (loss).** Subtract line 21 from line 8 | 22 | -825 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member manager) is based on all information of which preparer has any knowledge.

Signature of general partner or limited liability company member manager          Date

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name <br> NICK CHUI | Preparer's signature | Date <br> 8/14/2014 | Check ☐ if self-employed | PTIN ▬▬ |
|---|---|---|---|---|
| Firm's name ▶ A & N ACCOUNTING | | | Firm's EIN ▶ ▬▬ | |
| Firm's address ▶ 1345 S DIAMOND BAR BLVD STE Z | | | Phone no. (909) 396-0081 | |
| City DIAMOND BAR | State CA | | ZIP code 91765 | |

For Paperwork Reduction Act Notice, see separate instructions.

HTA

Form **1065** (2013)

Form 1065 (2013)  ATHERTON FINANCIAL BUILDING LLC

**Schedule B    Other Information**                                    Page **2**

| | | | | | Yes | No |
|---|---|---|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: | | | | | |

| | | | | |
|---|---|---|---|---|
| a | ☐ Domestic general partnership | b | ☐ Domestic limited partnership | |
| c | ☒ Domestic limited liability company | d | ☐ Domestic limited liability partnership | |
| e | ☐ Foreign partnership | f | ☐ Other ▶ | |

| | | Yes | No |
|---|---|---|---|
| **2** | At any time during the tax year, was any partner in the partnership a disregarded entity, a partnership (including an entity treated as a partnership), a trust, an S corporation, an estate (other than an estate of a deceased partner), or a nominee or similar person? . . . . . . . . . . . . . . . . . . . . | | X |
| **3** | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . | | X |
| b | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . | | X |
| **4** | At the end of the tax year, did the partnership: | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below . . . . . . . . . . . . . . . . . . . . | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| b | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . | X | |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **5** | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **6** | Does the partnership satisfy **all four** of the following conditions? | | X |
| a | The partnership's total receipts for the tax year were less than $250,000. | | |
| b | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| d | The partnership is not filing and is not required to file Schedule M-3. If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | X |
| **7** | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? . . . . . . . | | X |
| **8** | During the tax year, did the partnership have any debt that was cancelled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? . . . . . . . . . . . . . | | X |
| **9** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . | | X |
| **10** | At any time during calendar year 2013, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR) (formerly TD F 90-22.1). If "Yes," enter the name of the foreign country. ▶ | | X |

Form **1065** (2013)

Form 1065 (2013)    ATHERTON FINANCIAL BUILDING LLC                                    Page 3

**Schedule B    Other Information** *(continued)*

| | | Yes | No |
|---|---|---|---|
| 11 | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . | | X |
| 12a | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . . . . . | | X |
| | See instructions for details regarding a section 754 election. | | |
| b | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . | | |
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions. | | X |
| 13 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly-owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . ▶ ☐ | | |
| 14 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 15 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, enter the number of Forms 8858 attached. See instructions     ▶ | | |
| 16 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership.     ▶                    0 | | X |
| 17 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return.  ▶ | | |
| 18a | Did you make any payments in 2013 that would require you to file Form(s) 1099? See instructions . . . . . . . . | | X |
| b | If "Yes," did you or will you file required Form(s) 1099? . . . . . . . . . . . . . . . . | | |
| 19 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return.  ▶ | | |
| 20 | Enter the number of partners that are foreign governments under section 892.     ▶                    0 | | |

**Designation of Tax Matters Partner** (see instructions)

Enter below the general partner or member-manager designated as the tax matters partner (TMP) for the tax year of this return:

| Name of designated TMP ▶ | LUCY GAO | Identifying number of TMP ▶ | |
|---|---|---|---|
| If the TMP is an entity, name of TMP representative ▶ | | Phone number of TMP ▶ | (626) 214-2142 |
| Address of designated TMP ▶ | 1001 EAST ROAD | | |
| | LA HABRA HEIGHTS | CA | 90631 |

Form **1065** (2013)

**SCHEDULE B-1**
**(Form 1065)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Information on Partners Owning 50% or More of the Partnership

▶ Attach to Form 1065. See instructions on back.

OMB No. 1545-0099

Name of partnership
ATHERTON FINANCIAL BUILDING LLC

Employer Identification number (EIN)
[redacted]

**Part I**  Entities Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3a)

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Part II**  Individuals or Estates Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3b)

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| LUCY GAO | [redacted] | United States | 99.000% |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

For Paperwork Reduction Act Notice, see the Instructions for Form 1065.
HTA

Schedule B-1 (Form 1065) (Rev. 12-2011)

# EXHIBIT 3

1  Michael Gerard Fletcher (State Bar No. 70849)
     mfletcher@frandzel.com
2  Bob Benjy (State Bar No. 211569)
     bbenjy@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard, Seventeenth Floor
4  Los Angeles, California 90048-4920
   Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Plaintiff BANK SINOPAC LOS
   ANGELES BRANCH
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 | In re                              | Case No. 2:14-bk-27223-TD

12 | ATHERTON FINANCIAL BUILDING LLC,   | Chapter 11
   | a California limited liability company,
13 |
   |                    Debtor.
14 |

15 | BANK SINOPAC LOS ANGELES           | Adv. No. 2:15-ap-01145-TD
   | BRANCH,
16 |
   |              Plaintiff,            | **STIPULATION FOR IMMEDIATE
17 |                                    | ENTRY OF DECLARATORY
   |       v.                           | JUDGMENT IN FAVOR OF PLAINTIFF
18 |                                    | BANK SINOPAC LOS ANGELES
   | ATHERTON FINANCIAL BUILDING LLC,   | BRANCH**
19 | a California limited liability company; LUCY
   | GAO, an individual; BENJAMIN KIRK, an
20 | individual; SUNSHINE VALLEY, LLC, a
   | California limited liability company; GREAT
21 | VISTA REAL ESTATE INVESTMENT
   | CORPORATION, a California corporation;
22 | AMERICAN REO SOLUTIONS LLC, a
   | Delaware limited liability company;
23 | WASHINGTON CAPITAL MANAGEMENT
   | SERVICES LLC, a Delaware limited liability
24 | company; and PA ONE, LLC, a California
   | limited liability company,
25 |
   |              Defendants.
26 |

27

28

1809902.3 | 100158-0032

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

1  TO:   **THE HONORABLE THOMAS DONOVAN, JUDGE OF THE UNITED**

2  **STATES BANKRUPTCY COURT.**

3

4       Plaintiff, Bank SinoPac Los Angeles Branch ("Plaintiff"), on the one hand, and defendants,

5  Atherton Financial Building LLC, a California limited liability company ("Atherton"), Lucy Gao

6  ("Gao"), Benjamin Kirk ("Kirk"), Sunshine Valley, LLC, a California limited liability company

7  ("Sunshine"), Great Vista Real Estate Investment Corporation, a California corporation ("Great

8  Vista"), American REO Solutions LLC, a Delaware limited liability company ("American REO"),

9  Washington Capital Management Services LLC, a Delaware limited liability company

10  ("Washington CMS", collectively with Atherton, Gao, Kirk, Sunshine, Great Vista, American

11  REO and Washington CMS, "Defendants"), on the other hand, stipulate and agree as follows:

12

13

14                      **RECITALS**

15       WHEREAS Atherton's counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("Levene"), is

16  presently entrusted with the sum of approximately $3.1 million on behalf of Atherton in

17  connection with the sale of Atherton's property (the "Sale Proceeds"), pursuant to, among other

18  things, an "Order Re: Motion for Order (1) Authorizing Disbursement of Funds to Creditors; and

19  (2) Dismissal of Bankruptcy Case" (entered on March 23, 2015, in *In re Atherton Financial*

20  *Building, LLC*, USBC C.D. Cal., Case No. 2:14-bk-27223-TD) (a true and correct copy of which

21  is attached hereto as **Exhibit "1"** and is incorporated herein by this reference);

22       WHEREAS Atherton has paid all of its creditors and administrative claimants;

23       WHEREAS the Defendants, and/or some of them, have made conflicting claims to own or

24  to be able to control the membership interests in Atherton, and/or the equity therein, and/or the

25  Sale Proceeds, which conflicting claim are disputed by Plaintiff;

26       WHEREAS Plaintiff is a judgment creditor of Gao in a state court action captioned as

27  *Bank SinoPac v. Gao* (Los Angeles County Superior Court  Case No. VC064502) (the "State

28  Action"), and Plaintiff was awarded a money judgment against Gao on April 3, 2015, in the State

1809902.3 | 100158-0032

2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  Action, in the total sum of $2,897,396.28 (the "State Judgment"), a true and correct copy of which

2  is attached hereto as **Exhibit "2"** and is incorporated herein by this reference;

3       WHEREAS, on or about April 15, 2015, Plaintiff filed and served its application in the

4  state court handling the State Action for a charging order over Gao and her interests in Atherton

5  which created a lien over Gao's membership interests in Atherton, if any, for payment of some or

6  all of the State Judgment under and pursuant to California law (*See* California Code of Civil

7  Procedure § 708.320(a)) ("Charging Order");

8       WHEREAS, the parties hereto have recognized and represent to each other that outcomes

9  in litigation are almost always subject to some uncertainty, and that litigating this matter to

10  completion would entail not only the uncertainties of the outcome of litigation, but the incursion

11  of fees, costs, and expenses, and the delays attendant on litigating a matter to a final judgment. For

12  those reasons Plaintiff and the Defendants have concluded that a negotiated resolution of their

13  disputes and differences would be a reasonable and desirable outcome to this litigation, and now

14  desire to effectuate a settlement of all of the claims in this adversary proceeding, on the terms,

15  covenants, and conditions set forth herein.

16

17                              **STIPULATION**

18       IT IS STIPULATED AND AGREED that:

19       1.    Stipulated Declaratory Judgment.  A Declaratory Judgment, in the form attached

20  hereto as **Exhibit "3"** should be entered in this action in favor of Plaintiff, against all Defendants,

21  on the First Claim for Relief, declaring that:

22              (a)    Gao has an equity interest in Atherton under which Gao is entitled to an

23  immediate equity distribution from Atherton in the sum of One Million Five Hundred Thousand

24  Dollars ($1,500,000.00) from the Sale Proceeds ("Gao Distribution"), which Gao Distribution is

25  subject to the State Judgment and Plaintiff's rights under the Charging Order;  and,

26              (c)  Pursuant to the Charging Order, Plaintiff is entitled to receive Gao's $1,500,000

27  portion of the equity distribution from Atherton.

28       2.    Dismissal of Bankruptcy.  Immediately upon the entry of the Declaratory Judgment

1809902.3 | 100158-0032

3

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1   and payment to the Bank of the Gao Distribution, this bankruptcy case will, and shall be,

2   dismissed.

3       3.    Judgment Waivers.  Defendants knowingly and voluntarily execute this Stipulation

4   for Immediate Entry of Declaratory Judgment in Favor of Plaintiff Bank SinoPac Los Angeles

5   Branch ("Stipulation") and waive any and all findings of fact and conclusions of law with the

6   respect to the entry of the Declaratory Judgment and further waive the right to appeal, file a

7   motion for a new trial, or in any way attempt to set aside this Stipulation and/or the Declaratory

8   Judgment.

9       4.    Conditions Precedent.  Each of the following and the timely satisfaction of each

10  are and shall be express conditions precedent to the effectiveness of this Stipulation.

11          (a)    Execution and delivery of this Stipulation by each of the signatories for

12  whom a signature block is provided below.

13      5.    Motion to Approve.  The stipulated Declaratory Judgment shall be entered

14  forthwith. In that regard, Atherton and Gao shall immediately file all necessary moving papers

15  with the Bankruptcy Court to obtain a timely order approving the compromise memorialized in

16  this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019. The motion shall be set

17  for hearing on or before May 30, 2015, and if possible at the same time as the status conference in

18  this adversary proceeding on May 22, 2015. Further, Atherton shall continue for hearing until on

19  or after August 1, 2015, the motion to dismiss the Bank Adversary Complaint that Atherton has

20  filed, to give time for all of the deadlines set forth herein to be met. Bank may otherwise

21  immediately file the fully executed Declaratory Judgment Stipulation to obtain entry of judgment

22  in connection therewith.

23      6.    Turn Over.  As soon as possible after execution of this Stipulation, and the entry of

24  an order approving this Stipulation, but in no case later than May 30, 2015 ("Turn Over Date"),

25  Atherton and Gao shall cause, and all of the Defendants hereby instruct, Levene to deliver to

26  Plaintiff, in immediately available funds by wire transfer as instructed by Plaintiff, the entirety of

27  the Gao Distribution.  Plaintiff, in the exercise of its sole opinion and judgment, may extend such

28  Turn Over Date from time to time.

1809902.3 | 100158-0032

4

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

7.   <u>Mutual Limited Releases.</u>

(a)    Effective upon Plaintiff's receipt of the Gao Distribution, and except as to

the obligations imposed upon any party to this Stipulation, none of which are intended to be

released, Plaintiff, on the one hand, and Defendants, on the other hand (but excluding from this

release for all purposes Gao; Liberty CMC Corporation, a California corporation ("<u>Liberty</u>"); 1595

17th Street LLC, a California limited liability company ("<u>17th Street</u>"); and Progressive Star

Management LLC, a California limited liability company ("<u>Progressive</u>")), on behalf of

themselves, their respective successors and assigns, and each of them (for purposes of this release

hereinafter referred to individually and collectively as the "<u>Releasing Parties</u>"), do each hereby

forever relieve, release, acquit and discharge each other, including its officers, directors, attorneys,

accountants, employees,  predecessors, successors, and assigns, and each of them (collectively, the

"<u>Released Parties</u>"), from any and all claims, debts, liabilities, demands, obligations, promises,

acts, agreements, costs and expenses (including, but not limited to, attorneys' fees), damages,

injuries, actions and causes of action, of whatever kind or nature, whether legal or equitable,

known or unknown, suspected or unsuspected, contingent or fixed, which the Releasing Parties, or

any of them, now own or hold or have at any time heretofore owned or held or may at any time

hereafter own or hold against the Released Parties, or any of them, by reason of any acts, facts,

transactions or any circumstances whatsoever occurring or existing through the date of this

Stipulation concerning this adversary proceeding and/or the subject matter hereof.

(b)    As to the matters released herein, the Releasing Parties, and each of them,

expressly waive any and all rights under Section 1542 of the Civil Code of the State of California,

which provides as follows:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected his or
> her settlement with the debtor.

(c)    The Releasing Parties each expressly waive and release any right or benefit which

they have or may have under Section 1542 of the Civil Code of the State of California, and any

similar law of any state, territory, commonwealth or possession of the United States, or the United

1809902.3 | 100158-0032

5

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  States, to the full extent that they may waive all such rights and benefits pertaining to the matters

2  released herein. In connection with such waiver and relinquishment, each of the Releasing Parties

3  acknowledge that they are aware that they may hereafter discover claims presently unknown or

4  unsuspected, or facts in addition to or different from those which they now know or believe to be

5  true. Nevertheless, it is the intention of the Releasing Parties, through this Stipulation, to fully,

6  finally and forever release all such matters, and all claims relative thereto, which do now exist,

7  may exist, or heretofore have existed. In furtherance of such intention, the release herein given

8  shall be and remain in effect as a full and complete release of such matters notwithstanding the

9  discovery or existence of any such additional or different claims or facts relative thereto.

10      8.    Events of Default. Each of the following shall be deemed to constitute an "Event

11  of Default" hereunder:

12          (a)    The failure to timely deliver the entire Gao Distribution to Plaintiff;

13          (b)    Any parties breach of any covenant or obligation set forth in this

14  Stipulation.

15      9.    Remedies Upon Occurrence of an Event of Default.

16          (a)    If any of the default events specified in this Stipulation occur, the non-

17  defaulting Party or Parties may, in their sole and absolute discretion, declare the defaulting Party

18  or Parties to be in default of their obligations hereunder with no further opportunity to cure.

19          (b)    The releases set forth in this Stipulation shall survive any Event of Default

20  that may occur under this Stipulation.

21      10.   Miscellaneous Provisions.

22          (a)    The parties hereto (with the exception of Gao) shall be responsible to bear

23  their own attorneys' fees and costs in connection with this Adversary Action.

24          (b)    This Stipulation and all documents and instruments executed in connection

25  herewith shall be binding upon and inure to the benefit of the Parties and their respective

26  successors and assignors, assigns, partners, attorneys, accountants, heirs, executors,

27  administrators, trustees, and trustees in bankruptcy.

28          (c)    In the event of litigation concerning the terms and conditions of this

1809902.3 | 100158-0032

6

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  Stipulation and/or any and all documents executed in connection herewith, the prevailing party in

2  such litigation shall be entitled to its or his reasonable attorneys' fees and costs incurred in such

3  litigation.

4          (d)     This Stipulation was not drafted by any one party and shall not be construed

5  or interpreted against any one party hereto.

6          (e)     This Stipulation is the entire agreement between the respective parties

7  hereto with respect to the subject matter hereof, and no amendment, change, modification,

8  alteration or waiver of this Stipulation or any provision hereof shall be valid except when it is

9  made in writing and duly signed by all of the Parties.

10          (f)     This Stipulation , and any other document required by Plaintiff hereunder,

11  constitutes a single, integrated written contract expressing the entire agreement of the parties

12  hereto relative to the subject matter hereof. No covenants, agreements, representations, or

13  warranties of any kind whatsoever have been made by any party hereto with respect to the subject

14  matter hereof, except as specifically set forth in this Stipulation, or in the agreements referenced

15  herein. This Stipulation  is intended to be final and binding against Defendants, and Defendants

16  acknowledge that Plaintiff is expressly relying on the finality of this Stipulation as a substantial,

17  material factor inducing Plaintiff's execution of this Stipulation.  Defendants have the full right

18  and authority to enter into this Stipulation, and the officer(s), agent(s) or other representative(s)

19  executing this Stipulation on behalf of Defendants, have the full right and authority to fully

20  commit and bind Defendants, as applicable, to this Stipulation. The parties to this Stipulation

21  acknowledge to each other that each such party is a sophisticated party and business entity with

22  sophisticated and experienced personnel and legal counsel. Each party is aware of the ruling of the

23  California Supreme Court in the case of *Riverisland Cold Storage, Inc., et al. v. Fresno-Madera*

24  *Production Credit Association* (2013) 55 Cal. 4th 1169, and waives such ruling to the greatest

25  extent permissible to do so in the implementation of and in the enforcement of this Stipulation.

26          (g)     No covenants, agreements, representations, or warranties of any kind

27  whatsoever have been made by any Party, except as specifically set forth in this Stipulation, or any

28  and all documents and instruments executed in connection herewith.

1809902.3 | 100158-0032

7

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1    (h)    If any provision of this Stipulation, or any documents executed in

2    connection herewith, is found to be illegal, invalid, or unenforceable under present or future laws

3    in effect during the term of this Stipulation, this Stipulation shall be construed and enforced as if

4    such illegal, invalid, or unenforceable provision never comprised a part of this Stipulation, and the

5    remaining provisions of this Stipulation shall remain in full force and effect, unless it would be

6    impossible to accomplish the intent of this Stipulation after the illegal, invalid, or unenforceable

7    provisions are severed from this Stipulation.

8    (i)    Nothing contained in this Stipulation is intended to nor shall be construed or

9    deemed to confer any rights, powers, or privileges in any person, firm, partnership, corporation,

10    trust, association, or other entity not an express party hereto or any assignee or successor in

11    interest to the Parties.

12    (j)    This Stipulation is an arms-length transactions and has been duly negotiated

13    by and between the Parties and their counsel and is not entered into as a result of duress, undue

14    influence, coercion, unclean hands, or any other legal theory which could be alleged at law or in

15    equity.  The Parties, and each of them, have had the opportunity to consult with attorneys of their

16    own choosing and have entered into this Stipulation freely and voluntarily after consulting with

17    their attorneys.

18    (k)    This Stipulation may be executed by facsimile in one or more counterparts,

19    but all of the counterparts shall together constitute one agreement.  A facsimile signature shall be

20    deemed to be an original signature on this Stipulation as if it was an ink signed document.

21    (l)    In the event that any action, suit or any proceeding is instituted to remedy,

22    prevent or obtain relief from a breach of this Stipulation, arising out of a breach of this Stipulation,

23    or is instituted to contest the validity of this Stipulation or to attempt to rescind, negate, modify or

24    reform this Stipulation, or any of the terms hereof, or any of the matters referred to herein, the

25    prevailing party shall recover all of that party's reasonable attorneys' fees incurred in each such

26    action, suit or other proceeding including any and all appeals or petitions there from, whether or

27    not suit is filed.

28    (m)    The waiver of any existing or future default by any Party or of any of the

1809902.3 | 100158-0032                                    8

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

1  terms of this Stipulation shall not be deemed a waiver of any future default or term.

2          (n)    Except as otherwise set forth herein, all agreements, representations, and

3  warranties made herein shall survive the execution and delivery of this Stipulation.

4          (o)    Time is of the essence in the performance of obligations under the terms of

5  this Stipulation and all deadlines specified herein shall be strictly construed.

6          (p)    Except as expressly provided herein, nothing contained in this Stipulation is

7  intended, nor shall it be construed or deemed to confer any rights, powers or privileges on any

8  person, firm, partnership, corporation or other entity not an express party hereto or a successor in

9  interest, or a person or entity being released pursuant to Sections 5, above.

10         (q)    The Parties expressly acknowledge and agree that time is of the essence and

11 that all deadlines and time periods provided for under this Stipulation are ABSOLUTE AND

12 FINAL.

13

14     WHEREFORE, the parties hereto have executed this Stipulation as of April 27, 2015, and

15 respectfully request that the Court so order.

16

17 DATED: April ___, 2015              BANK SINOPAC LOS ANGELES BRANCH

18

19

20                          By: _____

21                          Name:  THOMAS  KAO
                            Its:  SENIOR VICE PRESIDENT/GENERAL
22                                             MANAGER

23

24

25

26

27

28

1809902.3 | 100158-0032                    9

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000



DATED: ~~April~~ May 7, 2015          ATHERTON FINANCIAL BUILDING LLC,
                                      a California limited liability company

                                      By:
                                          Name:
                                          Its:

DATED: ~~April~~ May 7, 2015



                                      LUCY GAO, individually

DATED: ~~April~~ May 7, 2015



                                      BENJAMIN KIRK, individually

DATED: ~~April~~ May 7, 2015          SUNSHINE VALLEY, LLC,
                                      a California limited liability company


                                      By:
                                          BENJAMIN KIRK
                                          Its: Managing Member

DATED: ~~April~~ May 7, 2015          GREAT VISTA REAL ESTATE INVESTMENT
                                      CORPORATION, a California corporation


                                      By:
                                          Name:
                                          Its:

DATED: ~~April~~ May 7, 2015          AMERICAN REO SOLUTIONS LLC,
                                      a Delaware limited liability company


                                      By:
                                          Name:
                                          Its:

DATED: ~~April~~ May 7, 2015          WASHINGTON CAPITAL MANAGEMENT
                                      SERVICES LLC, a Delaware limited liability company

FRANDZE
L ROBINS
BLOOM &
CSATO, L.
C.
6500 WILSHIRE
BOULEVARD,
17TH FLOOR
LOS ANGELES,
CALIFORNIA
90048-4920
(323) 852-1000

1809902.3 | 100158-0032                     10
STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH



By:

Name:

Its:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L. C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1809902.3 | 100158-0032

11

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

# EXHIBIT 1

Case 2:15-ap-01145-TD    Doc 15    Filed 06/02/15    Entered 06/02/15 16:59:07    Desc
                Main Document        Page 27 of 38

    Case 2:14-bk-27223-TD    Doc 78    Filed 05/13/15    Entered 05/13/15 16:58:20    Desc
                    Main Document        Page 27 of 37

        Case 2:14-bk-27223-TD    Doc 69    Filed 03/23/15    Entered 03/23/15 11:25:45    Desc
                        Main Document        Page 1 of 2

1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   JEFFREY S. KWONG (State Bar No. 288239)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
5  Email: DBG@LNBYB.COM; JSK@LNBYB.COM

6  Attorneys for Debtor and
7  Debtor in Possession

```
                     FILED & ENTERED

                       MAR 23 2015

                CLERK U.S. BANKRUPTCY COURT
                Central District of California
                BY penning  DEPUTY CLERK
```

8
9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION

11

12 In re:                        ) Case No.: 2:14-bk-27223-TD
                                 )
13 ATHERTON FINANCIAL BUILDING, LLC, ) Chapter 11 Case
                                 )
14    Debtor and Debtor in Possession. ) ORDER RE: MOTION FOR ORDER (1)
                                 ) AUTHORIZING DISBURSEMENT OF
15                               ) FUNDS TO CREDITORS; AND (2)
                                 ) DISMISSAL OF BANKRUPTCY CASE
16                               )
17                               ) Hearing:
                                 ) Date:  March 18, 2015
18                               ) Time:  2:00 p.m.
                                 ) Place: Courtroom 1345
19                               )        255 E. Temple Street
                                 )        Los Angeles, CA 90012
20                               )
21                               )
22                               )
23                               )
24                               )
25                               )
26                               )
27                               )
28                               )

                                1

Case 2:15-ap-01145-TD    Doc 15    Filed 06/02/15    Entered 06/02/15 16:59:07    Desc
Case 2:14-bk-27223-TD    Doc 78    Filed 05/13/15    Entered 05/13/15 16:58:20    Desc
Main Document    Page 28 of 38
Main Document    Page 28 of 37
Case 2:14-bk-27223-TD    Doc 69    Filed 03/23/15    Entered 03/23/15 11:25:45    Desc
Main Document    Page 2 of 2

1    A continued hearing was held on March 18, 2015 at 2:00 p.m. to consider the Motion

2   For Order (1) Authorizing Disbursement Of Funds To Creditors; And (2) Dismissal Of

3   Bankruptcy Case ("Motion") filed by Atherton Financial Building, LLC (the "Debtor").

4   Appearances were as set forth on the Court's record.

5        This Court, having considered the Motion and all evidence and other documents filed in

6   support of the Motion, the "Stipulation Directing Disposition Of Sale Proceeds And Dismissal

7   Of Case" ("Stipulation"), the opposition to the Stipulation filed by SinoPac, the new adversary

8   proceeding commenced by SinoPac against the Debtor and other persons and entities, the

9   statements and representations of counsel made at the hearing, the entire record in the Debtor's

10   bankruptcy case, and good cause appearing,

11        **IT IS HEREBY ORDERED AS FOLLOWS:**

12        1.    The Debtor is authorized to release $50,000 to Levene, Neale, Bender, Yoo &

13   Brill L.L.P. ("LNBYB") to fund a retainer for the Chapter 11 bankruptcy case for the Debtor's

14   affiliate, 544 San Antonio Road, LLC;

15        2.    The Debtor is authorized to use estate funds for maintaining the estate, including

16   payment of U.S. Trustee quarterly fees, provided that a balance of not less than $3,100,000

17   remain in the estate from the sale proceeds, and be held by LNBYB, pending further order of

18   this Court; and

19        3.    The hearing to consider dismissal of the Debtor's bankruptcy case is hereby

20   continued to May 22, 2015 at 2:00 p.m.

21                                # # #

22

23   Date: March 23, 2015

                                   Thomas B. Donovan
24                                 United States Bankruptcy Judge

25

26

27

28

                                    2

# EXHIBIT 2



1 | Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
2 | Marshall J. August (State Bar No. 105361)
maugust@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
4 | Seventeenth Floor
Los Angeles, California  90048-4920
5 | Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577
6 |
Attorneys for Plaintiff, BANK SINOPAC
7 |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2015

Sherri R. Carter, Executive Officer/Clerk
By Frances Palumbo, Deputy

8 |
9 |                    SUPERIOR COURT OF CALIFORNIA
10 |              COUNTY OF LOS ANGELES, SOUTHEAST DISTRICT
11 |
     BANK SINOPAC,                          CASE No. VC 064502
12 |
                Plaintiff,                   JUDGMENT BY COURT AFTER
13 |                                          DEFAULT
     v.
14 |
     LUCY GAO; and DOES 1 through 25,
15 | Inclusive,
16 |            Defendants.
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1770941.1 | 100158-0032                         1
                          JUDGMENT BY COURT AFTER DEFAULT

1  This cause came ~~to be heard~~ before the Honorable _By declaration_ _Judge Margaret M. Bernal_, in

2  Department SE F of the above-entitled court on 4-3-15 _____ by

3  submission of the attorneys of record for plaintiff BANK SINOPAC ("Plaintiff" or "Bank")

4  Frandzel Robins Bloom & Csato, L.C. and it appearing that defendant LUCY GAO, having been

5  regularly served with process, having failed to appear and answer the plaintiff's complaint filed

6  herein on December 24, 2014, and the default of said defendant having been entered and evidence

7  having been ~~introduced in open session of~~ _submitted_ _to_ this court ~~or having~~ _and having_ been considered by the court:

8      IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff, BANK

9  SINOPAC, shall recover from defendant LUCY GAO, the principal amount of $2,799,656.25,

10  plus accrued interest in the sum of $62,603.42 through March 3, 2015, plus additional interest at

11  the rate of $680.47 per day from March 4, 2015 through March 9, 2015 in the sum of $4,082.82,

12  for a total interest amount in the sum of $66,686.24, plus attorneys' fees of $30,512.60, and costs

13  of suit in the sum of $541.19, for a total judgment sum of $2,897,396.28, together with interest on

14  said judgment as provided by law.

15      The Clerk is ordered to enter the Judgment.

16                                          _Judge Margaret M. Bernal_

17  DATED:  APR 0 3 2015

                                     JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1770941.1 | 100158-0032

2

JUDGMENT BY COURT AFTER DEFAULT

1  Michael Gerard Fletcher (State Bar No. 70849)
      mfletcher@frandzel.com
2  Bob Benjy (State Bar No. 211569)
      bbenjy@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard, Seventeenth Floor
4  Los Angeles, California 90048-4920
   Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Plaintiff BANK SINOPAC LOS
   ANGELES BRANCH

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11  In re                                    Case No. 2:14-bk-27223-TD

12  ATHERTON FINANCIAL BUILDING LLC,          Chapter 11
    a California limited liability company,

13
                    Debtor.
14

15  BANK SINOPAC LOS ANGELES                   Adv. No.  2:15-ap-01145-TD
    BRANCH,
16
                    Plaintiff,               **[PROPOSED] JUDGMENT ON
17                                            STIPULATION FOR IMMEDIATE
           v.                                 ENTRY OF DECLARATORY
18                                            JUDGMENT IN FAVOR OF PLAINTIFF
    ATHERTON FINANCIAL BUILDING LLC,          BANK SINOPAC LOS ANGELES
19  a California limited liability company; LUCY  BRANCH**
    GAO, an individual; BENJAMIN KIRK, an
20  individual; SUNSHINE VALLEY, LLC, a
    California limited liability company; GREAT
21  VISTA REAL ESTATE INVESTMENT
    CORPORATION, a California corporation;
22  AMERICAN REO SOLUTIONS LLC, a
    Delaware limited liability company;
23  WASHINGTON CAPITAL MANAGEMENT
    SERVICES LLC, a Delaware limited liability
24  company; and PA ONE, LLC, a California
    limited liability company,
25
                    Defendants.
26

27

28

1810731.1 | 100158-0032                              1
[PROPOSED] JUDGMENT ON STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT

1    Pursuant to the Stipulation for Immediate Entry of Declaratory Judgment in Favor of

2   Plaintiff Bank SinoPac, Los Angeles Branch ("Stipulation"), on file herein, the Court finds good

3   cause exists to approve the Stipulation and enters this judgment in the above-entitled adversary

4   proceeding:

5       IT IS ORDERED, ADJUDGED, DECREED, and DECLARED that:

6       (a)    This judgment should be entered in this action in favor of Plaintiff, and

7   against all Defendants, on the First Claim for Relief in this adversary proceeding, declaring that:

8       (b)    Lucy Gao ("Gao") has an equity interest in debtor Atherton Financial

9   Building, LLC ("Atherton"), under which Gao is entitled to an immediate equity distribution from

10   Atherton in the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) from the

11   Sale Proceeds[1] ("Gao Distribution"), which Gao Distribution is subject to the State Judgment and

12   Plaintiff's rights under the Charging Order;  and,

13       (c)    Pursuant to the Charging Order, Plaintiff Bank SinoPac, Los Angeles

14   Branch ("Bank") is entitled to receive Gao's $1,500,000.00 portion of the equity distribution from

15   Atherton.

16       (d)    Counsel for Atherton, Levene, Neale, Bender, Yoo & Brill L.L.P., shall

17   wire transfer the Gao Distribution to Plaintiff Bank.

18

19   DATED: _____, 2015

20

21

22                                    UNITED STATES BANKRUPTCY JUDGE

23

24

25

26   _____

27   [1] All defined terms have the meaning set forth in the Stipulation.

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

# EXHIBIT 4

# United States Bankruptcy Court
## Central District Of California

### 255 East Temple Street, Los Angeles, CA 90012

| | |
|---|---|
| In re:<br>Atherton Financial Building LLC<br><br><br>Debtor(s). | BANKRUPTCY CASE NO.:  2:14-bk-27223-TD<br><br><br>CHAPTER NO.:  11 |
| Bank SinoPac, Los Angeles Branch<br><br>Plaintiff(s)<br><br>Versus<br><br>Atherton Financial Building LLC<br>(See Attachment A for names of additional defendants)<br>Defendant(s) | ADVERSARY NO.:  2:15-ap-01145-TD |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055-1(a)

On 5/6/2015, a request was filed for the clerk to enter default against defendant(s) PA ONE, LLC, a California limited liability.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

KATHLEEN J. CAMPBELL, CLERK OF COURT

By: Patricia Pennington-Jones
    Deputy Clerk

Dated: May 20, 2015

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Bank SinoPac, Los Angeles Branch | Atherton Financial Building LLC<br>Lucy Gao<br>Benjamin Kirk<br>Sunshine Valley, LLC<br>Great Vista Real Estate Investment Corporation<br>American REO Solutions LLC<br>Washington Capital Management Services LLC<br>PA One LLC |

(Form van192-nched VAN-192) Rev. 12/2014

# ATTACHMENT A

# EXHIBIT 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 6500 Wilshire Boulevard, 17th Floor, Los Angeles, CA 90048-4920.

A true and correct copy of the foregoing document entitled (*specify*): DECLARATION OF MICHAEL GERARD FLETCHER AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT ON FIRST CLAIM FOR RELIEF AGAINST DEFENDANT PA ONE, LLC will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 2, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Todd M Arnold    tma@lnbyb.com
Christopher D Crowell    ccrowell@frandzel.com, efiling@frandzel.com,dmoore@frandzel.com
Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;sking@frandzel.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 2, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

PA One, LLC (*By overnight mail*)                    PA One, LLC (*By overnight mail*)
c/o Paul J. Tauber, Agent for Service of Process      4260 Newberry Court
One Ferry Building, Suite 200                          Palo Alto, CA 94306
San Francisco, CA 94111

Honorable Thomas B. Donovan  (*By overnight mail*)
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 2, 2015 | David T. Moore | *David T. Moore* |
|---|---|---|
| Date | Type Name | Signature |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000